UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORTH CENTRAL STATES REGIONAL
COUNCIL OF CARPENTERS,

    Plaintiff,

v.                                         Case No. 08-C-525

FRED J. PIETTE CO. INC.,

    Defendant.

**ORDER**

On August 8, 2008, Plaintiff (the "Union") filed a motion to dismiss counterclaims for misrepresentation. Subsequently, these same counterclaims have been the subject of further briefing in summary judgment proceedings recently completed. In short, Plaintiff asserts that the Defendant's counterclaims are preempted by the National Labor Relations Act, and that in any event the claims fail to state a claim upon which relief may be granted. For the reasons set forth below, I conclude the counterclaims are meritless and should be dismissed.

The counterclaims at issue here are most unusual. Defendant Fred J. Piette Co. asserts that Plaintiff's counsel made misrepresentations of fact in a statement he made during arbitration proceedings involving a grievance. According to the counterclaim, "the Union represented that Piette employed individuals who were performing bargaining unit work and subcontracted bargaining unit work to individuals who were not bargaining unit members (the 'Grievance Representations')." (Answer, Dkt. # 26 at 4.) Two days later, in a letter to the NLRB, the union

represented "that Piette does not have a bargaining unit with any members and did not and has not used or employed anyone who performs or performed bargaining unit work that would require inclusion in the bargaining unit represented by the Union." (*Id.*)  Piette argues that this latter statement proves the falsity of the first.  It asserts in its brief that it never employed or subcontracted with individuals performing bargaining unit work.  And because Piette did not keep business records, it was forced to rely on the union's attorney's false representations of fact, which induced Piette to enter into a settlement.  It now seeks to void this settlement on the basis of the misrepresentations alleged.

The counterclaims are flimsy, at best.  The Plaintiff protests that no employer could reasonably rely on the statements of a union attorney about the status of the employer's own business.  Not that union attorneys are unreliable sources of information – it is simply that they are adversaries and not typically in the best position to provide factual details about an employer's business.  Reasonable reliance is an element in a misrepresentation claim, and the Plaintiff makes a good case that the misrepresentation claims fail as a matter of law.

The Union also protests that the statement in question was simply an argument made by its attorney in the course of an adversary arbitration proceeding.  As such, it was not the sort of factual statement that could reasonably invoke the other side's reliance.  The proper recourse is to dispute the statement *in those proceedings* – not to bring a counterclaim for misrepresentation in federal court.  Moreover, statements by an adversary's counsel can never, the Union argues, justify reliance. It would be remarkable if companies got their own business information from lawyers arguing against them, and a company that makes decisions on that basis should do so at its own risk.

2

These fundamental problems make the counterclaims awkward, but even if we put them aside the Plaintiff has shown that the statement in question is not actionable because it is simply not false, or at least it is not false in the fashion Piette now alleges. To reiterate, Piette's counterclaims assert that the union's attorney misrepresented that Piette had been "employing individuals who were performing bargaining unit work and subcontracted bargaining unit work to individuals who were not bargaining unit members." This was false, Piette argues, because it was *not* employing such individuals or subcontracting to such individuals when the 1993-1996 Labor Agreement was signed. (This latter gloss arises only in the briefs – it is not apparent from the complaint.) Because Piette kept no records for that time period, it relied in good faith on the union's misstatement of fact and was induced to enter into the settlement agreement it now seeks to void.

Despite Piette's attempts to suggest "misdeeds" on the part of the union's attorney, the record does not support its shading of the offending statements in question. The key problem arises out of Piette's present effort to portray the union's attorney's statement as being somehow related to a 1993-1996 labor agreement. Because Piette did not have records dating back to that period, the story goes, it had to rely on the union's attorney's statement of the facts. But the record shows that the attorney's statement had nothing to do with a labor agreement and was not tied to any specific time period. The union's attorney simply argued to the arbitrator that Piette "really didn't have job site employees. They subcontracted out work to persons who I call traditional subcontractors . . . and also to individuals they treated as subcontractors." (Dkt. # 26, Ex. A at 14.) The record suggests that these statements referred to the recent past: "In August of '07, it came to the Union's attention there might be violations of the agreement going on . . ." (*Id.* at 14.) The attorney further stated that "[i]n this proceeding we only seek to go back to January 1st of 2007 . . ." (*Id.* at 15.)

3

The Union's lawyer was making these statements to explain what the violations underlying the grievance were – nowhere does the attorney make any assertions about what kind of employees Piette employed at the time the 1993-1996 labor agreement was signed. To the extent the attorney was even making representations of fact, they were pertinent only to Piette's recent behavior, which the attorney was alleging to be a violation of the agreement's subcontracting clause. Despite Piette's current argument to the contrary, there is simply no statement in the record regarding the status of Piette's employees when the 1993-1996 agreement was signed. Accordingly, there is no evidence that the union misrepresented anything about Piette's employees during that time period.

Based on the foregoing, the motion to dismiss the counterclaims is **GRANTED**, and the counterclaims are **DISMISSED**; the Defendant's motion for summary judgment on its counterclaim is **DENIED**.

**SO ORDERED** this   31st   day of March, 2009.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge